OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Pro se appellant, Irene K. Makridis, appeals from the judgment entry of the Trumbull County Court of Common Pleas denying her motion for relief from judgment.
 {¶ 2} The instant appeal originates from this court's previous judgment which remanded this matter for the trial court to resolve whether the executor of Lena B. Simon's estate could use money from the estate to pay appellant's attorney fees. In accordance with our decision, the trial court scheduled a hearing date for October 8, 2002, at 1:30 p.m., to determine whether the estate could pay appellant's attorney fees. Appellant, however, was ten minutes late to the scheduled hearing. Due to appellant's failure to arrive at the hearing in a timely fashion, the probate judge issued an October 8, 2002 judgment entry dismissing the matter.
 {¶ 3} On October 15, 2002, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1). In her motion for relief from judgment, appellant maintained she had mistakenly believed that the hearing was scheduled to begin at 2:30 p.m. Appellant further explained that upon the realization of her mistake she rushed to the court, but was still ten minutes late for the hearing.
 {¶ 4} On November 21, 2002, a magistrate's hearing was held to determine whether appellant should be granted relief from the October 8, 2002 judgment entry. During the hearing, appellant reiterated the arguments made in her motion for relief from judgment. Subsequently, a magistrate's decision was issued on November 22, 2002. The magistrate's decision denied appellant's motion for relief from judgment because she failed to present sufficient evidentiary material. Specifically, the magistrate stated, "[t]he only evidentiary material filed with the motion for relief from judgment was a copy of a letter movant has sent to the Court in an effort to explain her failure to attend the remand hearing."
 {¶ 5} The trial court issued a November 22, 2002 judgment entry adopting the magistrate's decision. Appellant filed timely objections to the magistrate's decision. The trial court overruled appellant's objections.
 {¶ 6} Appellant now sets forth the following assignment of error for our consideration:
 {¶ 7} "The trial court abused its discretion in dismissing the motion of entitlement to attorney fees because of a procedural default which consisted of an attorney being 10 minutes late for a hearing due to inadvertence and oversight."
 {¶ 8} When examining a trial court's denial of a motion for relief from judgment, an abuse of discretion standard of review is applicable.Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 19, 1996-Ohio-430. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} "In order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that `(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3) not more than one year after the judgment, order or proceeding was entered or taken.'" Cuyahoga Support Enforcement Agency v. Guthrie,84 Ohio St.3d 437, 440, 1999-Ohio-362, quoting GTE Automatic Elec., Inc.v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. The movant must set forth operative facts to satisfy the burden of proof for each of the three elements stated above. Kay at 19. Such operative facts are established through affidavits, depositions, answers to interrogatories, exhibits, and any other relevant evidentiary material. Zashin, Rich,Sutula Monastra Co., L.P.A. v. Offenberg (1993), 90 Ohio App.3d 436. Ultimately, the moving party must do more than rely upon bare allegations that he or she is entitled to relief. Kay at 20.
 {¶ 10} Appellant states the issue for review as whether "a decision to dismiss a motion which would be dispositive of the merits of a right to recover attorney fees on the ground that an attorney was 10 minutes late for a hearing on that motion is unreasonable, and therefore constituted an abuse of discretion." In short, appellant argues that the trial court erred by dismissing her motion for attorney fees due to her tardy arrival for the hearing.
 {¶ 11} As an initial matter, we note that appellant has failed to supply us with any arguments or contentions relating to the trial court's denial of her motion for relief from judgment. Instead, appellant's sole argument challenges the October 8, 2002 judgment entry dismissing her motion for attorney fees.
 {¶ 12} It is well-established that "`[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment.'" State ex rel. Richard v. Cuyahoga Cty. Commrs.89 Ohio St.3d 205, 206, 2000-Ohio-135, quoting Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91. See, also, State ex rel. Bragg v. Seidner,92 Ohio St.3d 87, 2001-Ohio-152; State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191, 192. Therefore, if appellant wished to contest the basis of the trial court's first judgment dismissing her motion for attorney fees, she should have immediately appealed the October 8, 2002 judgment entry.
 {¶ 13} Despite appellant's failure to comply with these general procedural principles, in the interest of justice, we have carefully reviewed the record before us and find that the trial court abused its discretion by dismissing appellant's claims and denying her motion for relief from judgment. The basis of our finding is grounded upon the trial court's unreasonable determination that appellant's actions were not excusable neglect and the record's failure to show evidence of a pattern of egregious misconduct.
 {¶ 14} A party's actions do not constitute excusable neglect, for purposes of a motion for relief from judgment, if such actions can be labeled a "`complete disregard for the judicial system.'" Kay at 20, quoting GTE Automatic Elec. at 153. See, also, Scruggs v. Value CityFurniture (Dec. 22, 2000), 11th Dist. No. 99-G-2259, 2000 Ohio App. LEXIS 6104, at 5. Often, a finding of excusable neglect further supports the proposition that Ohio courts should strive to decide cases upon their merits rather than upon procedural grounds. See, e.g., Griffey v. Rajan
(1987), 33 Ohio St.3d 75. See, also, Natl. Mut. Ins. Co. v. Papenhagen
(1987), 30 Ohio St.3d 14, and DeHart v. Aetna Life Ins. Co. (1982),69 Ohio St.2d 189.
 {¶ 15} Appellant's single ten-minute tardy arrival can hardly be said to be so egregious as to deny her of the opportunity to have her day in court. The record fails to establish either a single outrageous incident of misconduct, or a pattern of misconduct that would warrant the trial court's dismissal of this matter. If there were other incidents of misconduct rising to such a level, then the magistrate and court should have noted them for the benefit of our appellate review. The record before us, however, fails to justify the trial court's draconian determination to dismiss appellant's claims and deny her motion for relief from judgment.
 {¶ 16} Furthermore, it is well-established under Ohio law that "`the concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done."'" (Citations omitted.) Griffey at 79.
 {¶ 17} The underlying facts of the case at bar do not provide a showing of complete disregard for the judicial system. Being ten minutes late for a scheduled hearing accompanied with an express indication of mistake, and a later formal apology, hardly smacks of willful indifference. Therefore, a finding of excusable neglect in the case at bar strikes a proper balance between ending litigation and ensuring justice. Clearly, a single instance of appellant's ten-minute tardy arrival does in fact constitute excusable neglect.
 {¶ 18} Thus, the trial court abused its discretion. Accordingly, we hereby reverse the trial court's November 22, 2002 judgment entry denying appellant's motion for relief from judgment and remand this matter for further proceedings consistent with this opinion.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.