OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the brief of appellant.[1] Pro se appellant, Irene K. Makridis, appeals from a judgment of the Trumbull County Court of Common Pleas, Probate Division, which denied the payment of attorney fees from the estate of Lena B. Simons, deceased, for legal services rendered by appellant. For the reasons that follow, we affirm.
 {¶ 2} This matter has an extended procedural history. By way of background, appellant was the attorney of Irving L. Rosenblatt ("Rosenblatt"). Rosenblatt was the executor of Lena B. Simons' ("Simons") estate. Appellant represented Rosenblatt as part of his administration of the estate.
 {¶ 3} On January 7, 1999, Rosenblatt filed an application to probate Simons' last will and testament. Among other individuals, Thomas Fairmakes ("Thomas"), the decedent's nephew, and Ruth Fairmakes ("Ruth"), the decedent's sister, were named as beneficiaries. The probate court admitted the will to probate.
 {¶ 4} In a separate action, Rosenblatt filed a lawsuit (case number 99 CVA 007) against Thomas and Ruth for the concealment of assets from Simons' estate.[2] Appellant also represented Rosenblatt in the concealment of assets suit. Eventually, Rosenblatt obtained a judgment in that case against Thomas and Ruth in the amount of $258,862.26 and was awarded payment of attorney fees and costs.
 {¶ 5} In the present case, Rosenblatt filed a motion for setoff, claiming that no payments had been received from Thomas or Ruth toward the satisfaction of the judgment rendered in case number 99 CVA 007. The probate court issued a judgment entry confirming that, in case number 99 CVA 007, Rosenblatt obtained a judgment against Thomas and Ruth for the sum of $258,862.26 and the payment of attorney fees and costs. The probate court acknowledged that this judgment had not been satisfied. As a result, the court ordered the sums to which Thomas and Ruth were entitled under the will be applied first toward the costs of the proceedings and the remaining sums be applied to the outstanding judgment from case number 99 CVA 007.
 {¶ 6} On September 5, 2001, in case number 99 CVA 007, the probate court rendered a judgment in favor of Rosenblatt, as the executor ofSimons' estate, and against Thomas and Ruth, jointly and severally, in the amount of $5,000, for attorney fees incurred by Rosenblatt in the litigation of the concealment of assets suit.
On September 24, 2001, appellant, on behalf of Rosenblatt, filed an application for the estate to pay her additional attorney fees, in the amount of $5,000, for services rendered in case number 99 CVA 007. Without a hearing, the probate court denied the application for attorney fees, reasoning that the relief sought had been previously granted in the concealment of assets suit.
 {¶ 7} Appellant filed a timely appeal, contesting the probate court's determination that attorney fees had previously been granted in case number 99 CVA 007. This court reversed the probate court's judgment, as we concluded, "[t]he record * * * indicates that * * * the executor [Rosenblatt], not [appellant], received a judgment to recover $5,000 in attorney fees from Thomas and Ruth, jointly and severally." In re Estateof Simons, 11th Dist. No. 2001-T-0130, 2002-Ohio-4518, at ¶ 13. Accordingly, we remanded this matter for "the probate court to hold a hearing to determine whether the estate may pay [appellant] $5,000 in attorney fees generated in the concealment of assets case." Id.
 {¶ 8} On remand, the probate court scheduled an October 8, 2002 hearing date. Appellant, however, was ten minutes late for the hearing. As a result, the court entered judgment dismissing this matter. Appellant filed a Civ.R. 60(B) motion for relief from judgment, which maintained that her tardy arrival to the hearing was the result of excusable neglect. The probate court denied appellant's motion for relief from judgment.
 {¶ 9} Appellant appealed from this decision and argued that the probate court abused its discretion by denying her motion for relief from judgment. While the appeal was still pending, appellant filed a motion to withdraw as counsel for the Simons' estate. On January 8, 2003, the probate court granted appellant's motion to withdraw.
 {¶ 10} With respect to appellant's appeal, we reversed the decision of the probate court, holding that the record established appellant's tardy arrival to the hearing was excusable neglect. Therefore, the court's denial of her motion for relief from judgment was an abuse of discretion. In re Estate of Simons, 11th Dist. No. 2002-T-0183, 2003-Ohio-6250, at ¶ 15. We again remanded this matter for the court to hold a hearing to determine whether the Simons' estate may pay appellant the attorney fees resulting from the concealment of assets suit. Id.
 {¶ 11} Upon remand, the probate court held a hearing on this matter. Appellant was the sole witness to testify. Appellant testified that she represented the Simons' estate, on behalf of Rosenblatt, in the administration of the estate and concealment of assets suit. Her testimony disclosed that her attorney fees for the administration of the estate had been paid in full. However, appellant further testified that she was entitled to the additional $5,000 awarded in the concealment of assets suit.
 {¶ 12} The probate court issued a judgment entry denying appellant's request for $5,000 in attorney fees from the Simons' estate. In doing so, the court noted that the $5,000 in attorney fees had been assessed pursuant to R.C. 2109.50 and 2109.52. Based upon these statutory sections, the court concluded that appellant was not entitled to the $5,000 in attorney fees awarded as part of the concealment of assets suit.[3]
 {¶ 13} From this judgment, appellant has filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 14} "The trial court erred in failing for the third time to determine whether fees for counsel who successfully prosecuted a concealment of assets claim could be paid out of the decedent's estate, ostensibly for the reason that the estate had been closed."
 {¶ 15} Under her sole assignment of error, appellant maintains that the probate court's decision to deny payment of attorney fees from the estate was predicated upon the court's determination that a final distributive account had been filed, thereby closing the estate. Appellant argues that she was not notified of a hearing on the final distributive account, per R.C. 2109.33, and, therefore, the judgment from which the instant appeal was taken should be vacated.
 {¶ 16} At the outset, we note that appellant misconstrues the basis of the probate court's judgment entry which denied payment of attorney fees from the Simons' estate. Contrary to appellant's argument, the court based its decision upon a finding that appellant was not a party in interest to the concealment of assets suit. Specifically, the court cited to R.C. 2109.50 and 2109.52 for the proposition that attorney fees awarded in a concealment of assets suit can only be imposed against the party guilty of concealing assets and conferred upon the complainant party. Appellant's argument that the court based its decision upon the estate's closing is not well-taken. In fact, as will be shown, whether the estate was closed is irrelevant, because appellant was not entitled to payment of additional attorney fees from the Simons' estate.
 {¶ 17} We first note that the attorney fees were awarded to Rosenblatt, rather than appellant. Thus, appellant's representation of Rosenblatt did not entitle her to this specific award.
 {¶ 18} An examination of R.C. 2109.50 and 2109.52 demonstrates that appellant was not a party in interest to the concealment of assets suit or the fiduciary of the estate and, therefore, she was not entitled to the awarded attorney fees.
 {¶ 19} Under R.C. 2109.50:
 {¶ 20} "Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate * * * by a person interested in such trust estate or by the creditor of a person interested in the trust estate against any person suspected of having concealed [assets][.] * * *
 {¶ 21} "* * *
 {¶ 22} "All costs of such proceedings * * * shall be assessed against and paid by the party making the complaint, except as provided by section2109.52 of the Revised Code."
 {¶ 23} In short, R.C. 2109.50 allows an interested party to file a complaint alleging the concealment of assets. Here, Rosenblatt, as executor, was the interested party who filed the complaint against Thomas and Ruth. Appellant's representation of Rosenblatt did not cause her to become an interested party under R.C. 2109.50. Moreover, appellant had no direct interest in the subject matter of the concealment of assets suit and, therefore, was precluded from becoming an interested party. See, e.g., In re Brady, 8th Dist. No. 83881, 2004-Ohio-5972, at ¶ 8.
 {¶ 24} That being said, R.C. 2109.50 provides that Rosenblatt, as the interested party, is responsible for the costs of the proceedings except when R.C. 2109.52 applies. Pursuant to R.C. 2109.52:
 {¶ 25} "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine * * * whether the person accused is guilty of having concealed [assets][.] * * * In all cases,
except when the person found guilty is the fiduciary, the probate courtshall forthwith render judgment in favor of the fiduciary * * * against the person found guilty, for the amount of moneys or the value of the chattels or choses * * * together with ten per cent penalty and all costs of such proceedings or complaint." (Emphasis added.)
 {¶ 26} R.C. 2109.52 requires a party found guilty of concealment of assets to pay the costs of the proceedings only to the fiduciary, except when the fiduciary is guilty of concealment of assets. Part of the costs of a concealment proceeding is attorney fees. See, e.g., In reGuardianship of Cawein (Nov. 1, 1995), 1st Dist. No. C-940885, 1995 Ohio App. LEXIS 4926, at 26.
 {¶ 27} An examination of the record before us confirms that appellant was not the party in interest for the concealment of assets suit; rather, the executor of the estate, Rosenblatt, was the interested party. More importantly, pursuant to R.C. 2109.52, Rosenblatt, as the fiduciary of the estate, was the only party to whom the probate court could award attorney fees. Accordingly, the court awarded these costs to Rosenblatt. Appellant's representation of Rosenblatt in the concealment of assets suit did not entitle her to the award, as she was not the fiduciary of the estate.
 {¶ 28} Even assuming appellant is entitled to outstanding attorney fees as part of the concealment of assets suit, it is clear that the estate is not liable for such fees. This conclusion is supported by the well-established rule that "executors and administrators are generally personally liable for services of attorneys employed by them, unless there is a contract that the attorney look only to the estate for assets."Wilcox Schlosser Co., L.P.A. v. Schneider (Dec. 22, 1981), 10th Dist. No. 81AP-269, 1981 Ohio App. LEXIS 12149, at 7. See, also, Judd v. TheCity Trust Savings Bank (1937), 133 Ohio St. 81, 91, (noting that executors are personally liable for the services of the attorneys employed by them). Because there is no evidence of a contract requiring attorney fees to be paid by the estate, appellant has failed to prove that the estate, rather than the executor, is liable for any outstanding attorney fees.
 {¶ 29} In short, appellant simply has no claim against the estate. If Rosenblatt has failed to properly pay appellant's attorney fees the correct course of action would be to file a civil complaint against Rosenblatt for the payment of this debt.
 {¶ 30} In conclusion, the probate court's judgment denying payment of attorney fees from the estate was not predicated upon the closing of the estate and appellant was not entitled to payment of such fees from the estate. Appellant's sole assignment of error is without merit. We hereby affirm the judgment of the probate court.
O'Neill, J., concurs.
Grendell, dissents with Dissenting Opinion.
[1] No reply brief was filed.
[2] This separate action will be referred to as "case number 99 CVA 007" or "the concealment of assets suit."
[3] Although the court did not expressly state that appellant was not entitled to this payment, the judgment entry establishes that Thomas and Ruth, rather than the estate, were liable for the attorney fees.