[Cite as *In re The Guardianship of Fred Van Dyke*, 2015-Ohio-4202.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

IN THE MATTER OF:  :
  :  Appellate Case No. 26465
THE GUARDIANSHIP OF  :
FRED VAN DYKE  :  Trial Court Case No. 2008-GRD-259
  :
  :  (Probate Appeal from
  :   Common Pleas Court)
  :
  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of October, 2015.

. . . . . . . . . . .

MARY K. C. SOTER, Atty. Reg. No. 0007696, 5518 North Main Street, Dayton, Ohio 45415-3455
        Appellant, *pro se*

DAVID M. RICKERT, Atty. Reg. No. 0010483, Dunlevey, Mahan & Furry, 110 North Main Street, Suite 1000, Dayton, Ohio 45402-1738
        Attorney for Appellee, Guardian of the Estate of Fred Van Dyke, Incompetent

CHARLES MOORE, Department of Veterans Affairs, Regional Office, 1240 East Ninth Street, Cleveland, Ohio 44199
        Appellee, *pro se*

JOHN C. FERNEDING & ASSOCIATES, Ohio Casualty Insurance Company, 5540 Far Hills Avenue, Dayton, Ohio 45429
        Appellee, *pro se*

JUDY BUFLER, Senior Surety Claims Specialist III, Post Office Box 34526, Seattle Washington 98124

Appellee, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Appellant Mary K.C. Soter, appeals from a judgment of the Montgomery County Probate Court surcharging her, pursuant to R.C. 2109.50, the sum of $18,271.50. For the reasons set forth below, we conclude that the court did not err with regard to the surcharge action. Accordingly, the judgment of the court is Affirmed.

## I. The Van Dyke Guardianship

{¶ 2} Soter was appointed guardian of the estate and person of Fred Van Dyke in October 2008. Following Soter's repeated failure to file an acceptable accounting, she was removed as guardian of the estate on June 27, 2011. Soter appealed from the order removing her. We affirmed. *In re Van Dyke*, 2d Dist. Montgomery No. 24712, 2012-Ohio-1098. Attorney Christopher Cowan was appointed successor guardian of the estate.

{¶ 3} On October 4, 2012, Cowan filed a surcharge motion, pursuant to R.C. 2109.50, seeking the repayment of monies paid to Soter without court authorization, as well as for accounting expenses and legal fees. On May 14, 2013, Soter made application for fees, in the amount of $15,675. On the day of the hearing, Soter filed an amended application for $14,620 in attorney fees, as well as $3,391.96 in guardian/fiduciary fees, for her work performed on behalf of the guardianship estate.[1]

{¶ 4} Following a hearing, the magistrate issued a decision finding that Soter had made herself payment, in the sum of $9,400, which had been transferred to her from the

---

[1] We note that the "affidavit" attached to the amended application stated that she was entitled to $15,675 in attorney fees.

guardianship without court approval. The magistrate recommended that Soter repay that amount. The decision also recommended that the guardianship estate be reimbursed the sum of $7,399, for expenses related to the preparation of the accounting prepared and filed by Cowan. The magistrate recommended denying the estate's request for legal fees incurred in defending Soter's prior appeal. With regard to Soter's request for fees, the magistrate recommended that her surcharge obligation be offset by the amount of $3,560, representing fees for Soter's legal work and performance of fiduciary duties. Finally, the magistrate recommended that Soter be assessed for the attorney fees and costs associated with the prosecution of the surcharge motion. The decision noted that the surcharge motion fees and costs would be determined following the filing of an application by Cowan.

{¶ 5} Soter objected to the magistrate's decision. Despite notices from the court reporter and the probate court, Soter failed to file a transcript of the hearing before the magistrate. The trial court overruled all of Soter's objections, and adopted the decision of the magistrate as the order of the court.

{¶ 6} Soter appealed. The next day, Cowan filed an application for fees. Cowan also filed a motion to dismiss the appeal, for lack of a final appealable order. We dismissed the appeal by decision and final judgment entry dated April 11, 2014, finding that a judgment awarding attorney fees, but deferring determination of the amount of those fees, is not a final appealable order.

{¶ 7} A hearing was conducted on July 15, 2014 regarding the application for fees, following which the magistrate issued a decision recommending that Soter be assessed the sum of $8,633.90 for the fees and costs. Soter objected. The probate court

sustained, in part, Soter's objection, and modified the assessment for fees and costs to the sum of $7,032.50.   The trial court ordered a total surcharge against Soter in the sum of $18,271.50.   From that order, Soter appeals.

## II.   R.C. 2109.50 Permits a Surcharge for Assets "Conveyed Away" from a Guardianship Estate; it Is Not Limited in Scope to Assets Concealed or Embezzled from the Estate

{¶ 8} Soter's First Assignment of Error states:

AT NO TIME HAS MRS. SOTER BEEN ACCUSED OF CONCEALING OR EMBEZZLING ASSETS BELONGING TO MR. VAN DYKE OR FOUND GUILTY THEREOF.

{¶ 9} Soter contends that the order requiring her to pay monies to the guardianship estate cannot be upheld because there is no evidence that she concealed or embezzled any assets of the estate.   She also argues that she was not found guilty, and thus cannot be made to remunerate the guardianship estate.   She further claims that no one "ever stated, either verbally or in writing, that [she] was not entitled to the fees [she charged against the guardianship estate.]"   Soter further argues that R.C. 2109.50 does not permit a surcharge against a former guardian for payments made to a successor guardian in recreating an accounting.   She argues that the finding that her records and accountings for the guardianship were in disarray is false.   Finally, it appears that she is arguing that the successor guardian will be paid twice if the surcharge is allowed.

{¶ 10} We begin with the apparent argument that 2109.50 is not applicable, because Soter did not conceal or embezzle any of the assets.   R.C. 2109.50 provides,

in pertinent part, as follows:

> Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *

{¶ 11} "The purpose of [this] statute is to provide a speedy and effective method for discovering assets belonging to the trust estate and to secure possession of them for the purpose of administration, and such method is a summary means, inquisitorial in nature, to recover specific property or the proceeds thereof, title to which was in the decedent at his death, or in a ward when his guardian was appointed." Angela C. Carlin, 2 *Baldwin's Ohio Practice, Merrick-Rippner Probate Law*, Section 57:1 (2014).

{¶ 12} To the extent that Soter seems to be claiming that actions brought pursuant to R.C. 2109.50 apply to only embezzlement and concealment, we disagree. The statute explicitly states that it applies to cases in which a person has conveyed away assets of the guardianship estate.

**III. The Record Supports a Conclusion that Soter Was Made Aware that Prior Court Approval Was Required for Payments to Herself of**

**Fees from the Guardianship Estate**

{¶ 13} We next turn to Soter's claim that she was never informed that she could not pay fees to herself during her term as guardian. We find this argument without merit. In the magistrate's decision, the magistrate found that Soter paid herself the sum of $9,400 without obtaining approval of the court, despite her knowledge, as exhibited by her signature on the Fiduciary Acceptance Form, that she was required to obtain prior approval.

**IV. The Probate Court Found Soter Guilty of the Unauthorized Conveyances from the Guardianship Estate**

{¶ 14} Soter next complains that no finding of guilty was ever made against her. R.C. 2109.52 states that "[w]hen passing on a complaint under section 2109.50 of the Revised Code, the probate court shall determine * * * whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, personal property, or choses in action of the * * * guardianship." The record shows that the court, although not expressly stating so, found Soter guilty. Specifically, the magistrate found that Soter conveyed assets of the estate to herself without the required approval of the court. Furthermore, the magistrate recommended certain assessed damages and ordered the return of the assets as required by R.C. 2109.52 upon a finding of guilt. *See Talbott v. Fisk*, 10th Dist. Franklin Nos. 02AP-427, 02AP-428, 2002-Ohio-6960, ¶ 28. We further note that Soter does not state how the trial court's failure to use the word "guilt" in its decision deprived her of due process or resulted in prejudice. We find no merit in this argument.

**V. The Trial Court Properly Included, as Part of the Surcharge, the Successor Guardian's Expenses in Prosecuting the Surcharge Action**

{¶ 15} Soter argues that R.C. 2109.50 does not permit a surcharge against her for expenses related to the successor guardian's prosecution of the surcharge action. We disagree. R.C. 2109.52 states that the court shall render judgment against a person found guilty for the amount of the loss to the estate, together with a ten percent penalty, and "all costs of such proceeding." This statutory provision is not limited to court costs. *In re Guardianship of* Cawein, 1st Dist. Hamilton No. C-940885, 1995 WL 653853, * 8 (Nov. 1, 1995). Indeed, costs necessary to trace assets, reconstruct records, attorney fees, accountant fees and costs that "are a direct and proximate result of [the prior guardian's] actions in the administration of [her] duties to the estate, as well as[her] failure to file [an accounting] in a timely manner * * *" are valid costs to be assessed. *Id.*; *See also Estate of Minella*, 1st Dist. Hamilton No. C-980413, 1999 WL 354336 (June 4 1999).

**VI. The Record Supports the Findings Made Against Soter**

{¶ 16} Soter next argues that the finding that her records were in disarray, and that she did not properly prepare an accounting, is not supported by the record. As dicussed in Part IX, below, Soter failed to preserve this issue for review, since it necessarily involves consideration of the testimony provided at the hearing. In any event, from our review of the record, there is ample support for this finding. Thus, we find this argument without merit.

**VII. The Surcharge Will Not Result in a Double Payment to the**

**Successor Guardian**

**{¶ 17}** Finally, Soter contends that if the surcharge is permitted for Cowan's preparation of the accounting, it will result in an unjust double payment to Cowan for his work performed on the accounting. We find no support for this argument in the record. There is nothing to demonstrate that Cowan has, or will, receive double payment for this service.

**{¶ 18}** Soter's First Assignment of Error is overruled.

**VIII. The Trial Court Did Not Err in Including, in the Surcharge, the Attorneys Fees and Expert Witness Fees Expended in Prosecuting the Surcharge Action**

**{¶ 19}** The Second Assignment of Error asserted by Soter is as follows:

OHIO REV. CODE SECTION 2109.50 DOES NOT AUTHORIZE CHARGING THE ATTORNEY FOR COSTS OF BRINGING AN ACTION, OR FOR PAYMENT TO AN EXPERT WITNESS.

**{¶ 20}** Soter contends that the probate court erred by ordering her to pay the attorney fees and expert witness fees associated with the surcharge action. In support, she argues that there is no authority therefor.

**{¶ 21}** We disagree. Attorney fees are included as costs of a concealment action. *In re Estate of Simons*, 11th Dist. Trumbull No. 2004-T-0066, 2005-Ohio-2362, ¶ 26. And, as discussed in *Simons*, expert fees may be assessed.

**{¶ 22}** The Second Assignment of Error is overruled.

**IX. Any Error Represented by the Trial Court's Failure to Order a Transcript of the Surcharge Proceedings Has Not Been Preserved for Appellate Review; without a Transcript, No Unjust Enrichment of the Guardianship Estate Is Demonstrated**

**{¶ 23}** Soter's Third Assignment of Error states as follows:

THE GUARDIANSHIP OF FRED VAN DYKE HAS BEEN UNJUSTLY ENRICHED BY HAVING BENEFITTED FROM THE SERVICES OF MRS. SOTER AS GUARDIAN OF HIS PERSON AND ESTATE AND AS THE ATTORNEY FOR THE GUARDIANSHIP WITHOUT PROPERLY COMPENSATING HER FOR HER SERVICES.

**{¶ 24}** Soter contends that she was not properly compensated for her services as guardian of the person and the estate. In support, she claims that she spent two years serving as guardian. Soter also notes that she represented Fred Van Dyke in a civil action, which was ongoing both before and after she was appointed guardian. She argues that the estate will be unjustly enriched if she is not properly compensated.

**{¶ 25}** Following the hearing on May 22, 2013, the magistrate made the following findings and recommendations regarding Soter's request for legal and guardianship fees:

Based upon the evidence presented, Ms. Soter should not be paid any amount for legal fees incurred for work done on the First Account that was never completed and approved by the court. The court heard testimony concerning the Amended Application for Legal Fees that indicated that some of the items listed were in the nature of a guardian's

function and not legal work. A review of the items listed on the application, and the testimony of the experts concerning attorney fees, indicates this court should find that Ms. Soter performed 12.80 hours of legal work at a rate of $200.00 per hour, for a total of $2,560.00.

The application for fiduciary fees in the amount of $3,391.96 does not appear to be based upon accurate amounts and is in the nature of an estimate. There is no way to determine the total assets as well as the amount of interest and income handled by Ms. Soter without an accurate account. Ms. Soter never produced and [sic] accurate account and any calculation of fiduciary fees anywhere near the amount requested is conjecture. Ms. Soter's application for attorney fees listed numerous items that were identified as guardian duties. Ms. Soter did perform some duties as guardian of the estate. Based upon the review of the items listed in the attorney fee application, as well as the fiduciary fee calculation attached to the accurate account submitted by the successor guardian of the estate, the court should find that Ms. Soter should receive $1,000.00 for her fiduciary duties. The court is mindful in this regard that Sup.R. 75(D) (Guardianship Compensation) provides that "the court may deny or reduce compensation if there is a delinquency in the filing of an inventory or account, or after the hearing, the court finds the guardian has not faithfully discharged the duties of the office."

{¶ 26} On August 5, 2013, Soter filed objections to the magistrate's decision, in which she argued that the testimony and evidence supported her claims for fees. The

transcript of the hearing was completed on August 25, 2013. According to the record, the court reporter informed Soter on two occasions that the transcript was ready. Soter did not file the transcript. On September 25, 2013, the trial court filed an entry informing Soter that the transcript must be filed within seven days or the court would proceed to determine the objections without the transcript. Soter did not file the transcript. The record indicates that the probate court's decision upon the objections was filed on October 11, 2013, and that Soter did not file the transcript until October 17, 2013.

{¶ 27} R.C. 2109.50 is a special statutory proceeding mandating specific procedural requirements be followed. One of the procedural requirements contained in the statute is the reduction to writing, signed by the accused, of the examination of the accused and witnesses. R.C. 2109.50. This requirement has led two appellate courts to find that the duty to order the transcription is upon the court. *In re Estate of Meyer*, 63 Ohio App.3d 454, 579 N.E.2d 260 (12th Dist. 1989); *Kovach v. Bustardo*, 11th Dist. Lake No. 92-L-136, 1994 WL 45282 (Feb. 11, 1994).

{¶ 28} The probate court did not review the transcript because Soter failed to file it pursuant to Civ.R. 53(D). Thus, the court overruled all of the objections regarding Soter's request for fees, because they were based upon claims that the magistrate's factual findings were incorrect. Regardless of whether it was error for the court to proceed without the transcript, the issue has been waived because Soter did not bring the matter to the court's attention at a point where the court could have corrected any error in this regard.

{¶ 29} In any event, a review of the transcript, does not lead us to a different conclusion. There was no competent evidence to indicate that the magistrate erred in the

computation of the amount of time expended by Soter on the civil lawsuit that was instituted prior to the onset of the guardianship, nor the amount expended thereafter. When Soter's expert was asked whether the fees she had charged were reasonable, the expert responded, "[s]hall we say close to reasonable." He then testified that the fees did not "appear to be unreasonable." Tr. p. 72. Her expert also noted that there was a problem with her request because she had "commingled activities as a guardian with activities as an attorney." Soter's expert also stated that she should not be compensated for time spent on the Accounting, because it was not approved, and had to be prepared by Cowan instead. Cowan's expert agreed that Soter had failed to properly separate attorney activities from guardian activities. Cowan's expert also testified that some billing time was inflated.

{¶ 30} In short, the issue of fees owed to Soter was a matter that required consideration of expert testimony, and was therefore a factual issue. Our review of the record, the objections, the documentary evidence, and even a review of the subsequently filed transcript does not lead us to the conclusion that the trial court committed any error, let alone plain error, in the decision with regard to the fees requested by Soter.

{¶ 31} Accordingly, the Third Assignment of Error is overruled.

## X. Conclusion

{¶ 32} All of Soter's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.


Copies mailed to:

Mary K. C. Soter
David M. Rickert
Charles Moore
John C. Ferneding & Associates
Judy Bufler
Hon. Alice O. McCollum