[Cite as *Clayton v. Luka, Inc.*, 2026-Ohio-1676.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JAMES L. CLAYTON III | : | |
| | : | C.A. No. 30581 |
| Appellant | : | |
| | : | Trial Court Case No. 2025 CV 03242 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| LUKA INC. | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 8, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

JAMES L. CLAYTON III, Appellant, Pro Se
CHRISTOPHER M. WOLCOTT, JULIA A. CROCKER, and DANIEL P. PLATEK, Attorneys for Appellee

HUFFMAN, J.

{¶ 1} Appellant James Clayton III appeals from the trial court's dismissal of his complaint against appellee Luka Inc. ("Luka") for failure to state a claim under Civ.R. 12(B)(6) and the trial court's denial of his Civ.R. 60(B) motion for relief from judgment on the Civ.R. 12(B)(6) dismissal.

{¶ 2} The trial court did not err in granting Luka's motion to dismiss. Seeking to enforce an arbitration provision, Clayton not only failed to provide the contractual agreement that he sought to enforce but also later dismissed his arbitration claim without setting forth any other cognizable claim. Additionally, because Clayton failed to provide a transcript of the Civ.R. 60(B) proceeding, we have no way to evaluate whether the trial court abused its discretion in denying Clayton's motion for relief from judgment.

{¶ 3} For the reasons outlined below, we affirm the judgment of the trial court.

## I. Background Facts and Procedural History

{¶ 4} In May 2025, Clayton initiated this pro se action by filing a complaint for arbitration under the Federal Arbitration Act against Luka, a software company best known for creating Replika, an AI chatbot app. The allegations in Clayton's complaint were vague and difficult to discern. He claimed that Luka refused to honor a binding arbitration clause in a contract and engaged in certified mail tampering. He asserted that he mailed Luka a demand letter seeking arbitration, which was apparently forwarded to no address and was allegedly ignored. Clayton also attached several images of the purported conversations

2

between him and the chatbot that apparently caused him distress. He presumably sought to form the basis of a contract, but there was no contract attached to his complaint containing a binding arbitration clause. Clayton's complaint did not otherwise set forth any claims.

{¶ 5} In response to Clayton's complaint, Luka filed a motion to dismiss for failure to state a claim or, alternatively, a motion for a more definite statement. Luka argued that no clear cause of action was presented and that Clayton's failure to allege sufficient details in support of any claims warranted dismissal.

{¶ 6} Clayton then filed a series of pleadings and responses, apparently arguing that Luka's (Replika's) Terms of Service contained a binding arbitration provision and that he accepted the provision by using the AI platform. Clayton asserted that he had followed the procedural requirements and had made multiple attempts to initiate arbitration but that Luka had disregarded his arbitration requests. He also stated that his references to "mail fraud" and "mail tampering" in his complaint and other filings were simply "lay descriptions of confirmed irregularities in delivery and forwarding of legal documents," seemingly withdrawing any mail-related claim.

{¶ 7} On August 5, 2025, Luka replied to Clayton's additional filings, arguing that Clayton had still not established the existence of an arbitration agreement or an arbitration dispute between them and seeking dismissal of Clayton's complaint. Clayton submitted a supplemental response to Luka's August 5th reply, indicating that he no longer sought arbitration and stating:

> Critically, compelling arbitration at this stage would strip the matter from judicial
> oversight and place Plaintiff in direct danger. . . . Arbitration, under these
> conditions, is not merely inappropriate; it is unsafe.

3

**{¶ 8}** On August 14, 2025, the trial court granted Luka's motion to dismiss for failure to state a claim. In concluding that Clayton had only sought to compel arbitration, the court considered the following statements in his complaint:

"Idealy [sic] I would like to file a motion to compel arbitration under the Federal Arbitration Act or just assist me with a precedence [sic] setting case and protection as my life has been threatened. I've been doing this pro se since my lawyer was allegedly paid off $750,000 not to represent me. I have substantial evidence of threats, certified mail tampering. It involves a binding arbitration clause in a contract that defendant refused to honor. Certified letter sent and was forwarded to no address according to USPS. This is a very serious matter and I need protection. I have full admissions and threats."

(Bracketed text in original.) Decision Granting Motion to Dismiss, p. 4, quoting Complaint, p. 1. The court also surmised that, based on the statements in Clayton's supplemental response to Luka's August 5th reply, he no longer sought arbitration. For that reason, the court granted Luka's motion to dismiss, determining that Clayton had withdrawn his motion to compel arbitration and that it could not discern any other cognizable claim in the complaint.

**{¶ 9}** On August 15, 2025, Clayton filed a Civ.R. 60(B) motion for relief from judgment and a notice of appeal. At that point, because Clayton had filed a notice of appeal, the trial court stayed ruling on his motion for relief from judgment. On September 9, 2025, we remanded the matter to the trial court, granting the trial court jurisdiction to resolve Clayton's Civ.R. 60(B) motion.

**{¶ 10}** On January 2, 2026, after considering the filings of both parties, as well as the testimony, evidence, and arguments presented at two hearings, the trial court denied

4

Clayton's motion for relief from judgment. The court found that Clayton had failed to demonstrate that he had a meritorious claim to present if relief was granted and that he was entitled to relief under one of the grounds in Civ.R. 60(B)(1)-(5). Clayton now appeals.

## II. Assignments of Error

{¶ 11} On appeal, Clayton's assignments of error are similarly difficult to discern. In general, he appears to claim that the trial court erred when it granted Luka's motion to dismiss and when it denied his Civ.R. 60(B) motion for relief from judgment.

{¶ 12} We note at the outset that Clayton's brief does not contain any recognizable assignments of error, citations to the record, or discernable arguments. The brief satisfies none of the requirements set forth in App.R. 16(A), which provides that the appellant shall include in his brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

App.R. 16(A).

{¶ 13} Based on these requirements, "[a] court of appeals may disregard any assignments of error not separately argued, or any arguments not supported by references to the record." *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557, ¶ 11 (2d Dist.), citing App.R. 12(A)(2); *Countrywide Homes, Inc. v. Swayne*, 2010-Ohio-3903, ¶ 58 (2d Dist.). "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.'" *Mosbaugh* at ¶ 12, quoting *Dunina v. Stemple,* 2007-Ohio-4719, ¶ 3 (2d Dist.). For these reasons, we may disregard Clayton's arguments.

{¶ 14} Even so, although Clayton's brief does not comply with the Ohio Rules of Appellate Procedure, we infer that his arguments relate to the same objections that he raised in the trial court in response to Luka's motion to dismiss and to his arguments in his motion for relief from judgment.

*Luka's Motion to Dismiss*

{¶ 15} In order to dismiss a complaint on Civ.R. 12(B)(6) grounds, "it must appear beyond doubt that the plaintiff can prove no set of facts . . . that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. We do

6

not consider "'unsupported conclusions that may be included among, but not supported by, the factual allegations of the complaint.'" *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 13 (2d Dist.), quoting *Wright v. Ghee*, 2002-Ohio-5487, ¶ 19 (10th Dist.). In conducting the review, we must assume that the facts as pleaded are true, "but the same does not apply to conclusions of law that the pleader contends are proved by those facts." *Thomas v. Progressive Cas. Ins. Co., Inc.*, 2011-Ohio-6712, ¶ 8 (2d Dist.). "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Duer v. Henderson*, 2009-Ohio-6815, ¶ 68 (2d Dist.). That means we independently examine the complaint to determine whether the dismissal was appropriate. *Boyd* at ¶ 13.

{¶ 16} Civ.R. 8(A) defines the general pleading rules and requires a plaintiff to set forth "a short and plain statement of the claim showing that the party is entitled to relief" and "a demand for judgment for the relief to which the party claims to be entitled." "The rule is designed to give the defendant fair notice of the claim and to give the defendant an opportunity to respond." *Gurry v. C.P.*, 2012-Ohio-2640, ¶ 17 (8th Dist.), citing *Allied Erecting & Dismantling Co., Inc. v. Youngstown*, 2002-Ohio-5179, ¶ 75 (7th Dist.).

{¶ 17} A thorough and generous reading of Clayton's complaint and subsequent filings makes clear that the only thing he was seeking from the court was an order compelling arbitration, which was based on an alleged contractual agreement between him and Luka. R.C. 2711.03 governs the enforcement of arbitration agreements. R.C. 2711.03(A) provides:

> The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default.

7

Service of the notice shall be made in the manner provided for the service of a summons. The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

{¶ 18} To enforce an arbitration agreement, an aggrieved party must show, and a court must find, "that both (1) the existence of an arbitration agreement and (2) a failure to comply with the agreement [are] not in dispute between the parties before the court compels arbitration proceedings." *Bradley Dev. Co., Inc. v. Northern Ohio Sewer Contracting, Inc.*, 2003-Ohio-6123, ¶ 10 (9th Dist.). *See Cross v. Carnes*, 132 Ohio App. 3d 157, 165-66 (11th Dist. 1998), citing *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986) ("'arbitration is a matter of contract, and parties cannot be required to submit to arbitration those disputes that they have not agreed to submit to arbitration'"), quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). *See also Kettering Health Network v. Caresource*, 2014-Ohio-956, ¶ 33 (2d Dist.).

{¶ 19} Clayton claims that the Terms of Service of Luka's Replika chatbot contained a binding arbitration provision. However, he failed to provide those terms to the court, explain how the terms gave rise to a right of arbitration, or set forth what claims fell within the alleged arbitration agreement. Thus, it was impossible for the trial court to determine whether a valid arbitration agreement existed and what claims Clayton sought to arbitrate under the alleged agreement.

{¶ 20} In addition to failing to establish the existence of an arbitration agreement, Clayton also failed to plead that a failure to comply with the arbitration agreement was not in dispute between the parties. Clayton claimed that he sent an arbitration demand letter to

8

Luka, but he also acknowledged that the letter was not delivered. And although he claimed that he emailed the arbitration letter to Replika and received an automated acknowledgement of delivery, he failed to provide evidence of that.

**{¶ 21}** Clayton now claims that the trial court misconstrued his supplemental response to Luka's August 5th reply "as a withdrawal of the case," despite his specific statement that "[a]rbitration, under these conditions, is not merely inappropriate; it is unsafe." His withdrawal of that request left no viable claims remaining in his complaint. Moreover, Clayton had multiple other opportunities to set forth "a short and plain statement" of his claims showing that he was entitled to relief. Each time, he indicated that he sought arbitration for a contractual agreement that he never provided to the court in any of his filings, and this deficiency alone served as a basis for dismissal. *See* Civ.R. 10(D)(1) ("When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading.").

**{¶ 22}** Because Clayton failed to set forth any cognizable claim, we cannot say that the trial court erred in dismissing Clayton's complaint for failure to state a claim.

*Clayton's Motion for Relief from Judgment*

**{¶ 23}** Pursuant to Civ.R. 60, a party may obtain relief from judgment or order under certain circumstances. Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise or excusable neglect;

9

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) Any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

{¶ 24} "To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60 (B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51 (1976).

{¶ 25} "The movant must set forth operative facts to satisfy the burden of proof for each of the three elements stated above." *In re Estate of Lena B. Simons*, 2003-Ohio-6250,

10

¶ 9 (11th Dist.). "Such operative facts are established through affidavits, depositions, answers to interrogatories, exhibits, and any other relevant evidentiary material." *Id.*, citing *Zashlin, Rich, Sutula & Monastra Co., L.P.A. v. Offenberg*, 90 Ohio App.3d 436 (8th Dist. 1993). If the movant fails to satisfy all three prongs of the *GTE* test, the court must deny the motion. *Argo Plastic Prods. Co. v. City of Cleveland*, 15 Ohio St.3d 389, 391 (1984), quoting *GTE* at 151.

{¶ 26} We review a trial court's order deciding a motion for relief from judgment under an abuse of discretion standard. *In re Estate of Burdette*, 2016-Ohio-5866, ¶ 8 (2d Dist.). "Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling 'will not be disturbed on appeal absent a showing of abuse of discretion.'" *Id.*, quoting *Jackson v. Hendrickson,* 2008-Ohio-491, ¶ 28 (2d Dist.), citing *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987). "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or, unconscionable. . . . A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 27} At the outset, we acknowledge that Clayton timely filed his Civ.R. 60(B) motion in the trial court. Thus, the issues in the trial court were whether Clayton was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) and whether he had a meritorious claim to present if relief was granted.

{¶ 28} As explained above, Clayton withdrew all of the claims that could have been reasonably construed from the allegations in his pleadings. On appeal, he acknowledges that he withdrew his "motion to compel arbitration." Nevertheless, he claims that he had the following newly discovered evidence upon which he sought relief from judgment under

11

Civ.R. 60(B)(2): backend USPS records confirming mail handling and recording from USPS; medical documentation; metadata and forensic records; and verified video interviews and public statements of corporate leadership acknowledging AI-related harm. He also claims that the trial court barred him from introducing evidence and documentation regarding alleged evidence destruction; metadata alteration; deletion or manipulation of records during litigation; and automated warnings generated by the AI system itself.

{¶ 29} Clayton, however, did not provide a transcript of the Civ.R. 60(B) proceeding for our review. "Appellant bears the burden of demonstrating error by providing the record of the hearing in the trial court." *Singletary v. Super Store Express LLC*, 2022-Ohio-2637, ¶ 18 (10th Dist.). Under App.R. 9(B), it is the obligation of the appellant to provide this court with a transcript. "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.'" *Singletary* at ¶ 18, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without the ability to review the transcript, we must presume the validity of the trial court's discretionary finding that Clayton failed to meet his burden warranting relief from judgment under Civ.R. 60(B). *Id*.

{¶ 30} Finally, we note that Clayton's remaining arguments relate to issues not specifically outlined in his assignment of error. "An appellant's 'assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment.'" *State v. Thomas*, 2015-Ohio-2935, ¶ 40 (9th Dist.), quoting *State v. Brown*, 2008-Ohio-2670, ¶ 24 (9th Dist.). Moreover, Clayton fails to cite any law to support or explain how his additional arguments relate to his Civ.R. 60(B) motion for relief from judgment. *See*

App.R. 16(A)(7). Given the foregoing circumstances, we decline to address the merits of his remaining arguments.

{¶ 31} In conclusion, because Clayton failed to provide a transcript of the Civ.R. 60(B) proceeding, we have no means of reviewing the evidence presented and thus must conclude that the trial court did not abuse its discretion in denying Clayton's motion for relief from judgment.

{¶ 32} Even assuming that Clayton had properly raised assignment of errors related to the trial court's dismissal of his complaint and denial of his motion for relief from judgment, his implied assignments of error are overruled.

### III. Conclusion

{¶ 33} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.

13